

ELECTRONICALLY FILED
6/11/2015 1:48 PM
03-CV-2015-900938.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
TIFFANY B. MCCORD, CLERK

IN THE CIRCUIT COURT
OF MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| BARBARA BROWN, | * |
| Plaintiff, | * |
| vs. | * CASE #: CV-15- |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | * |
| Defendant. | * |

### ORIGINAL COMPLAINT

COMES NOW Plaintiff, by and through the undersigned counsel, and hereby complains of Defendant as follows:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Barbara Brown, is a resident citizen of Mobile County, Alabama and is over the age of 19 years.

2. Defendant, Allstate Property and Casualty Insurance Company, is a foreign corporation doing business in the State of Alabama, Montgomery County at all times relevant to this complaint.

3. All acts and occurrences complained of herein occurred in Montgomery County, Alabama and the amount in controversy exceeds this Court's minimal jurisdictional limit.

### II. FACTS

4. On or about January 18, 2015, Plaintiff was traveling on I85 in Montgomery Alabama when she came upon an abandoned vehicle left dangerously

close to I85. Plaintiff swerved to avoid the abandoned vehicle, lost control of her vehicle, left the roadway and came to rest on the shoulder of I85 in front of the Coca-Cola plant.

5. Plaintiff sustained severe personal injuries and property damage. Plaintiff underwent significant and substantial medical treatment, incurred substantial medical bills, pain, suffering, mental anguish, emotional distress and lost income.

6. At the time of the collision Plaintiff had in effect a policy of insurance, which included medical payments and uninsured motorist coverage, with Defendant Allstate.

## III. CAUSES OF ACTIONS

### A. BREACH OF CONTRACT

7. Plaintiff hereby incorporates by reference paragraphs one (1) through seven (6) above as if more fully set forth herein.

8. On or about January 18, 2015, Plaintiff was traveling on I85 in Montgomery County, Montgomery, Alabama when she came upon an abandoned vehicle left dangerously close to I85. Plaintiff swerved to avoid the abandoned vehicle, lost control of her vehicle, left the roadway and came to rest on the shoulder of I85 in front of the Coca-Cola plant.

9. Plaintiff sustained severe personal injuries and property damage. Plaintiff underwent medical treatment for over four months, incurred substantial medical bills, pain, suffering, mental anguish, emotional distress and lost income.

10. At the time of the collision Plaintiff had in effect a policy of insurance with Defendant Allstate. Plaintiff has submitted a claim with Defendant Allstate. That claim has been denied.

11. Plaintiff has complied with all of the terms and conditions of the policies,

pain, suffering, mental anguish, emotional distress and lost income.

24. At the time of the collision Plaintiff had in effect a policy of insurance with Defendant Allstate. Plaintiff has submitted a claim with Defendant Allstate. That claim has been denied.

25. Plaintiff has complied with all of the terms and conditions of the policies, including paying the premiums in a timely manner. Defendant Allstate breached its contract with Plaintiff by refusing to pay Plaintiff for losses sustained by Plaintiff and covered under the policies.

26. Plaintiff is entitled to recover from Defendant Allstate any and all damages that she sustained, to make her whole and compensate her to the full extent of her damages and loss, covered under the policies she has purchased.

27. Plaintiff has sustained personal injury, lost wages, medical expenses, pain, suffering, mental anguish and emotional distress, all as a result of the tortfeasor's conduct and she hereby demands compensation from Defendant Allstate for the same.

28. Defendant has acted in bad faith by:

   a. Refusing to compensate Plaintiff;
   b. Refusing to negotiate in good faith with Plaintiff;
   c. Refusing to comply with the terms and conditions of the insurance contract;
   d. Mistakenly misapplied South Carolina law by holding Plaintiff to a standard not required of South Carolina law;
   e. Requiring Plaintiff to comply with South Carolina law as opposed to Alabama law.

29. South Carolina law (if applicable to this matter) requires that "[T]he facts of the accident must have been witnessed by someone other than the owner or operator of the insured vehicle...". To comply with this requirement (not applicable to Alabama UIM law) Plaintiff has submitted two (2) affidavits from individuals that witnessed the

accident. These two individuals, a father and son working at the Coca-Cola plant, witnessed the accident from an unobstructed distance of less than approximately 250 feet.

30. Defendant's denial of the claim read as follows:

This letter is to acknowledge that I have received your letter dated April 14, 2015 regarding your client, Barbara Brown.

The South Carolina auto policy (0935475139) purchased by Barbara Brown and Isaish Brown states that ".... a phantom motor vehicle which causes: a. bodily injury to an insured person without physical contact with the insured person or with a motor vehicle occupied by that person. b. property damage to the insured auto without physical contact between the vehicles. The facts of the accident must have been witnessed by someone other than the owner or operator of the insured vehicle. . . . . "

The affidavits of Dusty Simmons and Clarence Simmons states they saw an F150 parked closed [sic] to I-85 and they heard the sound of tire squealing. They did not actually see this accident.

31. The only stated reason for the denial of the claim is the witnesses "did not actually see this accident". This assertion contradicts the affidavits submitted to Defendant. In fact, one of the affidavits, from Dusty Simmons reads as follows:

My name is Dusty Simmons, and I do solemnly swear that the following is true and correct in every particular on this 1st day of April 2015.

1. I reside at 544 County Downs Road, Montgomery County, Montgomery, Alabama, 36109 and am over the age of 19 years.
2. On January 18, 2015 my father and I were working at the Coca-Cola bottling plant located at 300 Coca Cola Road, Montgomery, Alabama. We were located on the south side of the factory. At our location we were approximately 250 feet from Interstate 85.
3. We arrived at approximately 7:00 a.m. Within approximately five minutes of our arrival to the Coca-Cola plant that day I noticed a gold-colored four-door Ford F150 abandoned on I-85.
4. I noticed that the F150 was left parked dangerously close to

|  |  |
|---|---|
|  | the right-hand, southbound lane of travel on I-85. My father and I discussed the fact the truck appeared to be left dangerously close to the right-hand, southbound lane of travel on I-85. |
| 5. | Within a minute or so of noticing the abandoned vehicle, we heard the sound of tires squealing. I immediately looked and saw what I now know was Ms. Brown's vehicle leaving the roadway at the approximate location of the abandoned, gold colored, Ford F150. |
| 6. | Ms. Brown's vehicle left the roadway, crashed into the guardrail, flipped and came to rest between I-85 and the Coca-Cola bottling plant, where we were standing, in the grass shoulder on I-85. |
| 7. | We immediately ran to Ms. Brown's vehicle and assisted her until the authorities arrived. |

32.     The only stated reason for the denial of the claim is the witnesses "did not actually see this accident". This assertion contradicts the affidavits submitted to Defendant, as shown above. In the alternative, Defendant's stated reason for denial misstates South Carolina law as to what is required under its UIM statute or fails to apply Alabama law that controls this issue. Regardless, Defendant's conduct has arisen to bad faith. Defendant has no valid, legal ground to dispute Plaintiff's claim and has no legal or factual defense to the claim. Plaintiff further submits that Allstate has willfully refused to evaluate or honor her claim with the knowledge that the avowed purpose of the insurance contract was to protect her at her weakest and most perilous time of need and Allstate has a pattern and practice of such actions.

WHEREFORE, premises considered, Plaintiff demands judgment for compensatory and punitive damages against Defendant in an amount just and reasonable under the facts and applicable law and in an amount that fully compensates her for her losses and punishes Defendant for its actions.

Respectfully submitted this 11th day of June, 2015.

OF COUNSEL:
Aaron J. Luck, Esq.
McPhillips Shinbaum, LLP
516 S. Perry Street (36104)
P.O. Box 64
Montgomery, AL 36101-0064
Phone 334/262-1911
Facsimile 334/263-2321

Respectfully submitted,

/s/ Aaron J. Luck
Aaron J. Luck (LUC014)

NOTE:   DISCOVERY IS BEING SERVED UPON DEFENDANT WITH THIS ORIGINAL COMPLAINT