**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| BARBARA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.  2:15cv488-WHA |
| ) | |
| ALLSTATE PROPERTY AND ) | |
| CASUALTY INSURANCE CO., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Bifurcate and Stay Discovery (Doc. #11) filed by Allstate Property and Casualty Insurance Company ("Allstate"), and a Motion for Partial Summary Judgment (Doc. #14) filed by Barbara Brown ("Brown").

The Plaintiff filed a Complaint in the Circuit Court of Montgomery County, bringing claims of breach of contract, a claim for uninsured motorist benefits and medical payments, and bad faith.  The case was removed on the basis of diversity jurisdiction. No motion to remand was filed.   Complete diversity of citizenship exists and the amount in controversy exceeds $75,000. Therefore, the court has diversity subject matter jurisdiction pursuant to 28 U.S.C. §1332.

The Motion to Bifurcate and to Stay Discovery states that there is an issue as to whether Brown complied with South Carolina statutory requirements which must be decided before Brown can recover uninsured motorist benefits or proceed with her claim for bad faith, so the case should be bifurcated and discovery stayed on issues of bad faith.   The Motion for Partial Summary Judgment seeks a judgment that Alabama law applies to Brown's claims.

For the reasons to be discussed, the Motion to Bifurcate and Stay Discovery is due to be DENIED and the Motion for Partial Summary Judgment is due to be DENIED.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56 (c)(1)(A),(B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III. FACTS

The submissions of the parties establish the following facts, construed in a light most favorable to the non-movant:

This case involves an issue of automobile insurance coverage for a single car accident by Brown, the insured. Brown is a resident of South Carolina. At the time of the accident she had an Auto Insurance Policy issued by Allstate in South Carolina.

In the Complaint, Brown alleges that she was traveling in her automobile on Interstate 85 in Montgomery County, Alabama, when she came upon an abandoned vehicle which was close to the interstate. In swerving to avoid the vehicle, Brown lost control of her vehicle, left the roadway, and came to rest on the shoulder. Brown suffered personal injuries and property damage.

Brown made a claim against her Allstate Auto Insurance Policy. Allstate did not pay her claim. The denial of claim letter stated that under the policy, if a phantom vehicle causes injury or damage without physical contact between the vehicles, the facts of the accident must have been witnessed by someone other than the owner or operator of the vehicle. The letter stated that the affidavits submitted by Brown stated that the affiants heard the sounds of tires squealing but did not see the accident. (Doc. #21-1 at ¶30).

On September 15, 2015, in response to Allstate's Motion to Bifurcate and Stay Discovery, Brown submitted new affidavits from the witnesses. (Doc. #16-1 at p.30, 32).

### IV. DISCUSSION

A.   Motion for Partial Summary Judgment

The Motion for Partial Summary Judgment seeks a judgment that Alabama law applies to Brown's claims.   Brown's initial brief cites to a policy provision within her Auto Insurance Policy entitled "What Law Will Apply," which states that " [i]f a covered loss to the **auto**, a covered **auto** accident, or any other occurrence for which coverage applies under this policy happens outside South Carolina, claims or disputes regarding that covered loss to the **auto**, covered **auto** accident, or other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to the **auto**, covered **auto** accident, or other covered occurrence." (Doc. #14-1 at p.4).   The basis for the Plaintiff's motion is that Alabama, and not South Carolina, law applies in this case based on that contract provision.   The Plaintiff's Motion for Partial Summary Judgment is not a motion as to the merits of the breach of contract claims.

Allstate's position in response is that South Carolina law applies to the interpretation and application of the contract because the policy was issued in South Carolina, citing, among other cases, *American Motorists Ins. Co. v Southern Security Life Ins. Co.*, 80 F. Supp. 2d 1285, 1287 (M.D. Ala. 2006) (stating the district court sitting in diversity "is obliged to apply the laws of the state where the last act is receipt and acceptance of the insurance policy").   Allstate contends that the choice-of-law provision pointed to by Brown in her motion only applies where there is a covered loss, accident, or occurrence.   Allstate contends that South Carolina law must first be applied to determine whether there is a covered loss under the policy before analyzing the substantive claims under the choice-of-law provision.

Allstate relies on reasoning found in *Hollins v. Adair*, No. 2013 CA 1622, 2014 WL 2547977 (La. App. 1 Cir. June 3, 2014).   In that case, a resident of Mississippi had an automobile accident in Louisiana.   The court analyzed a choice-of-law provision in the insurance contract at

4

issue, which provided that if a covered loss happens outside of Mississippi, claims or disputes may be governed by the law of the jurisdiction in which the covered loss happened. *Id.* at *4. The court determined that "a plain reading of the policy indicates that this provision applies only *after* a determination has been made that a loss, accident, or occurrence is covered under the terms of the policy in accordance with [the state of issuance's] law." *Id.* at *4. The court explained that a contrary result, that is, applying the law of Louisiana, would abrogate the Mississippi contract. *Id.* at *5. The court also noted that the premium for uninsured motorist coverage was based on application of Mississippi law. *Id.*

In reply, Brown first attempted to distinguish *Hollins*, arguing that in that case there was no coverage under Mississippi law, but in this case there is coverage because Brown has complied with South Carolina law and the policy. (Doc. #21 at p.4). Brown then states, however, "[i]n fact, *Hollins* supports Plaintiff's position in that once coverage is established (contractual issues resolved) the choice of law provision becomes effective." (Doc. #21 at p.5). Brown goes on to summarize her position as being that "if Plaintiff has satisfied the conditions of coverage, the choice of law provisions addressed in *Hollins* are now triggered and applicable to this claim." (Doc. #21 at p.6). Brown concludes her brief by stating, "*Hollins* holds that once a determination has been made that a loss, accident, or occurrence is covered under the terms of the policy in accordance with South Carolina law, Alabama law applies." (Doc. #21 at p.7). It appears, therefore, that Brown has refined her argument and agrees that Alabama law is not the only law to be considered in this case based on the choice-of-law contract provision. She now argues that South Carolina law regarding coverage has been satisfied so that there is coverage, and that Alabama law applies to the substantive claims. This refinement, however, was not a ground for summary judgment in her motion, was not raised in the initial brief in support of her motion, and is

5

an argument to which Allstate has not had an opportunity to respond.

This court is persuaded by, and the parties apparently agree with the application of, the reasoning in *Hollins* that the law of the state of contract formation applies to coverage issues before the covered loss choice-of-law provision applies.   Therefore, the Motion for Partial Summary Judgment, which seeks a judgment that only the law of the State of Alabama applies in this case based on a specific choice-of-law provision, is due to be DENIED.

The parties' other arguments whether raised in the reply brief, or in the context of the Motion to Bifurcate and Stay Discovery, such as arguments regarding whether South Carolina law is more restrictive than the insurance policy language, whether the policy requirements have been met by the new affidavits Brown submitted, and as to the effect of Allstate's admissions of fact, may be raised in a new, timely-filed Motion for Summary Judgment later in the proceedings.

B.   Motion to Bifurcate and Stay Discovery

Allstate seeks to bifurcate the breach of contract and bad faith claims in this case and stay discovery as to the bad faith claim.   Allstate has cited the court to decisions from other courts which have bifurcated breach of contract and bad faith claims and stayed discovery as to the bad faith claims in part because discovery on bad faith issues exposes insurers' work-product protected or privileged materials to disclosure.   Those decisions, of course, evaluated the facts and procedural context of those particular cases in reaching that determination. *See Wolf v. Geico Ins. Co.*, 682 F. Supp. 2d 197, 198-99 (D.R.I. 2010) (noting that issues of whether to allow discovery on breach of contract and bad faith claims together requires a case- by-case approach, and a determination of how best to manage judicial resources).

Brown, in response, has cited to authority for the proposition that discovery can proceed as to breach of contract and bad faith claims for reasons of judicial economy.   *See, e.g.*, *Cook v.*

*United Serv. Auto. Ass'n*, 169 F.R.D. 359, 362 (D.Nev.1996).

In this case, the issues of the requirement of affidavits, the interpretation of that requirement, and whether and at what point it may have been complied with in this case, are pertinent issues with respect to all of Brown's claim against the insurance policy.   For example, Allstate argues that the Brown's attempt to cure deficient affidavits with recently-submitted affidavits supports a finding that there was no bad faith in the denial of her claims based on the initial affidavits.   The factual overlap, therefore, appears to the court to counsel against bifurcation.   *See Wolf*, 682 F. Supp. 2d at 200 (stating "the greater the overlap, the greater the likelihood that splitting discovery into two phases will be needlessly duplicative. Conversely, the less the facts overlap, the fewer disputes will likely arise, and lesser the likelihood that the second phase of discovery will retread old ground.").   Accordingly, under the facts as presented thus far in this case, and in the interest of judicial economy, the Motion to Bifurcate and Stay Discovery is due to be DENIED.

## V. CONCLUSION

For the reasons discussed, it is hereby ORDERED as follows:

1. The Motion to Bifurcate and Stay Discovery (Doc. #11) filed by Allstate Property and Casualty Insurance Company ("Allstate") is DENIED.

2. The Motion for Partial Summary Judgment (Doc. #14) is DENIED.

Done this 3rd day of November, 2015.

/s/ W. Harold Albritton
W.   HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE